UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

RICHARD BOLTE,

        Plaintiff,

        v.                                          Case No. 06-C-0549

SUPREME COURT OF WISCONSIN,
CHIEF JUSTICE SHIRLEY S. ABRAHAMSON,
JUSTICE JON P. WILCOX,
JUSTICE ANN WALSH BRADLEY,
JUSTICE N. PATRICK CROOKS,
JUSTICE DAVID PROSSER, JR.,
JUSTICE PATIENCE D. ROGGENSACK,
JUSTICE LOUIS B. BUTLER,
CAROL KOSCOVE,

        Defendants.

ORDER DENYING PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS,
GRANTING MOTION TO DISMISS, AND DISMISSING CASE

On May 4, 2006, Richard Bolte, an attorney who represents himself, lodged a civil rights complaint under 42 U.S.C. § 1983, asserting that his civil and other federal and state law rights have been violated by Supreme Court of Wisconsin, the justices of the Supreme Court of Wisconsin, and Bolte's former client, Carol Koscove.

With his complaint, Bolte filed a petition for leave to proceed in forma pauperis. However, on June 29, 2006, Bolte paid the $350 filing fee. Hence, the petition for leave to proceed in forma pauperis is moot.

Regardless, the defendants, other than Koscove, seek dismissal of the complaint. A case must be dismissed if at any time the court determines that it lacks subject matter jurisdiction. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)

("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")

The complaint and its attachments reveal that Bolte had an inactive Wisconsin law license and that he was living in Colorado and was not licensed there. Koscove hired Bolte to investigate and analyze whether an oil company was paying her royalties as required by a lease; the two signed a contract on November 22, 1994, regarding these services. When litigation between Koscove and the oil company was imminent, Koscove hired an attorney in Colorado, and Bolte thereafter was admitted pro hac vice to the federal court in Colorado. Koscove paid Bolte under their 1994 contract but later sued him to recover the fees, alleging that Bolte was not licensed in Colorado and could not serve as her attorney in that state. The Colorado court, Judge Theresa M. Cisneros, found in Koscove's favor after trial and awarded her $388,000. (Compl. Attach. D.)

Koscove then complained to the Wisconsin Board of Attorneys Professional Responsibility (now called the Office of Lawyer Regulation) about Bolte's unauthorized practice of law in Colorado and his transfer of property following the judgment against him in an attempt to prevent execution and recovery of fees Koscove had already paid to him. (Compl. Attach. A, B.) Eventually, the Supreme Court of Wisconsin reprimanded Bolte and assessed him the $23,345.64 costs for the disciplinary proceeding. (Compl. Attach. A.)

Bolte asserts that the justices of the Wisconsin Supreme Court "personally voted upon, prepared, entered, filed and published while functioning as state officials and\or under color-of-law, a disciplinary Decision" against him for the unauthorized practice of law in Colorado and for improper property transfers. (Compl. at 1.) He contends, among other things, that the justices and the Supreme Court of Wisconsin acted outside

2

Case 2:06-cv-00549-CNC   Filed 07/24/06   Page 2 of 8   Document 10

of their jurisdiction because all the acts about which Koscove complained occurred in Colorado. He seeks a declaration that the Supreme Court of Wisconsin has enforced state laws in an unconstitutional manner, a declaration that both the Colorado state court decision and the Supreme Court of Wisconsin disciplinary decision are invalid, an injunction against collection of the Colorado judgment and the costs assessed against him by the Supreme Court of Wisconsin, an order for Koscove to return any money or property she has obtained from him in execution of the Colorado judgment, money damages, and punitive damages.

Bolte's lawsuit is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Pursuant to this doctrine, lower federal courts lack subject matter jurisdiction to review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). District courts have no jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 596 (7th Cir. 1992). The doctrine precludes lower courts from exercising jurisdiction "only when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt*, 408 F.3d at 336.

Thus, this court must ask two questions regarding the claims against the Supreme Court of Wisconsin and its justices: (1) was the disciplinary proceeding before the Supreme Court of Wisconsin a judicial proceeding, and (2) if so, are plaintiff's claims

3

inextricably intertwined with those proceedings such that they assert injury caused by the state-court judgment and seek review and rejection of that judgment? *Holt*, 408 F.3d at 336; *Leaf*, 979 F.2d at 597.

Both questions are answered in the affirmative. First, in Wisconsin, attorney disciplinary proceedings constitute judicial action by the state's highest court, which result in state court decisions. *Leaf*, 979 F.2d at 597; *see Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). Here, the reprimand of Bolte was issued by the Supreme Court of Wisconsin in a slip opinion given the number 2005 WI 132 – similar to other opinions issued by the court on cases before it. (Compl. Attach. A.) Only the United States Supreme Court may review such disciplinary decisions of the Supreme Court of Wisconsin. *See Leaf*, 979 F.2d at 600; *Johnson*, 165 F.3d at 1141. Thus, the *Rooker-Feldman* doctrine eliminates most avenues of attack on attorney discipline. *Johnson*, 165 F.3d at 1141.

Second, Bolte characterizes his claims as federal civil rights and state common law violations, but the only injuries allegedly caused by the Supreme Court of Wisconsin and its justices stem from that court's reprimand decision. For instance, Bolte asserts that the defendants deprived him of his liberty and property rights without due process "when they conducted, operated, and enforced the power of the Wisconsin Supreme Court" (Compl. at 2-3) and issued the disciplinary decision, resulting in impairment of Bolte's law license, defamation, loss of contract rights, and emotional distress (*id.* at 11-12). He requests as relief that this court declare the Supreme Court of Wisconsin decision invalid and prohibit any enforcement of the decision or collection of the

4

fees. (*See* Compl. at 16-17.) But under *Rooker-Feldman* this court has no power to review, let alone overturn, the decision of the Supreme Court of Wisconsin.

In response to the motion to dismiss, Bolte argues that the Supreme Court of Wisconsin's void decision cannot be a bar to his lawsuit here. He admits that his "basic and fundamental allegation [is] that the Wisconsin Supreme Court lacks the power, authority and jurisdiction to enforce its police-power Rules anywhere but in the State of Wisconsin." (Resp. Br. at 2.) Bolte devotes pages to arguing that the Supreme Court of Wisconsin's reprimand decision was wrong or beyond its authority. (*See, e.g., id.* at 7-9.) Moreover, he contends that if a judgment is void it must be set aside. (*Id.* at 16.) Further, Bolte submits that in the present case he does not seek to review the final judgment of a state court but instead "attacks the right, authority, and jurisdiction of the Defendant Court and Justices **to make** the Decision." (*Id.* at 18.)

The problem for Bolte is that *this* court is not the proper one to determine that the Wisconsin Supreme Court acted beyond its authority in issuing the decision in Bolte's case. Only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment, even if the state court's action is challenged as unconstitutional. *See Feldman*, 460 U.S. at 486; *Holt*, 408 F.3d at 336; *Leaf*, , 979 F.2d at 596.

Even though Koscove has not moved to dismiss, this court will also dismiss the claims against her for lack of subject matter jurisdiction, as it is apparent that the claims against her suffer from the same defects. It is obvious that the Colorado court conducted judicial proceedings, resulting in a judgment against Bolte. Hence, this court asks whether Bolte's present claims against Koscove are inextricably intertwined with Colorado state court proceedings or disciplinary proceedings before the Supreme Court of Wisconsin such

5

that he asserts injury caused by either or both state-court judgments and rejection of those judgments on review. *See Holt*, 408 F.3d at 336; *Leaf*, 979 F.2d at 597. Again, although Bolte characterizes his claims as state common law violations, the injuries he alleges Koscove caused him arise from her Colorado state court case or the Wisconsin Supreme Court's disciplinary decision. He requests that this court declare the Colorado state court and Supreme Court of Wisconsin decisions invalid and prohibit any enforcement of or collection on those judgments. (Compl. at 16-17.) Thus, Bolte is "a losing party in state court fil[ing] suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt*, 408 F.3d at 336. This court has no more power to review, let alone overturn, the decision of the Colorado state court, than it does the decision of the Supreme Court of Wisconsin. Under *Rooker-Feldman* this court lacks subject matter jurisdiction.

In the event the Seventh Circuit were to disagree with this court's dismissal of the case based on lack of subject matter jurisdiction under *Rooker-Feldman*, two alternate bases for decision exist, disposing of many of the claims. First, as to an attack on the Colorado state court decision through claims against Koscove, Bolte's claims are likely barred by res judicata or collateral estoppel. In *Bolte v. Koscove*, No. 05-2774, 156 Fed. App'x 834, 2005 WL 3113460 (7th Cir. Nov. 22, 2005), *cert. denied*, 126 S. Ct. 1388 (2006),[1] Bolte sued Koscove, her lawyers, the Colorado state court judge, and the county in which the court sat. He brought the case in the Western District of Wisconsin; Judge Barbara B. Crabb dismissed it based on the *Rooker-Feldman* doctrine. The Seventh Circuit

---

[1] Unpublished Seventh Circuit decisions may be cited for purposes of res judicata and collateral estoppel. 7th Cir. R. 53(b)(2)(iv).

6

affirmed because all of Bolte's claims required review of the Colorado state court decision: "Because Bolte's conspiracy claim is inextricably intertwined with the state court's judgment, the *Rooker-Feldman* doctrine bars his claim." *Id.* at 837. Bolte has already sought relief against Koscove relating to the Colorado state court decision and he cannot sue her repeatedly on the same issue.

Second, Bolte asserts that he can sue the seven justices because they were acting outside of their jurisdiction and beyond the law. However, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). "Jurisdiction" means the court's subject matter jurisdiction; in other words, judicial immunity is a defense so long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction. *Barron*, 897 F.2d at 1392. A judge will not be deprived of immunity even if the action was in error, done maliciously, exceeded his authority, or was flawed by procedural errors. *Stump*, 435 U.S. at 356-57, 359; *Brokaw*, 235 F.3d at 1015. Attorney discipline is a matter with the jurisdiction of the Supreme Court of Wisconsin, *Leaf*, 979 F.2d at 592, whether or not the court's decision was correct or reached beyond its powers (matters on which this court does not comment at all). Actions regarding bar admission and discipline require judicial inquiry and fall within the justices' judicial acts. *See Feldman*, 460 U.S. at 479-82. Therefore, the justices of the Wisconsin Supreme Court were acting within the scope of their judicial authority and have absolute immunity against Bolte's claims.

For the above reasons,

7

IT IS ORDERED that Bolte's petition for leave to proceed in forma pauperis is denied as moot.

IT IS FURTHER ORDERED that the motion to dismiss is granted and the entire case is dismissed for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge